**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND, | ) ) ) | |
| Plaintiff, | ) ) | CASE NO.: |
| vs. | ) ) | JUDGE: |
| MORCOM CONSTRUCTION COMPANY, an Illinois Corporation; and STEFAN MOURILLON, an individual, | ) ) ) ) | MAG. JUDGE: |
| Defendants. | ) ) | |

**COMPLAINT**

NOW COMES the Plaintiff, the STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND ("Pension Fund"), by and through its attorneys, JOHNSON & KROL, LLC, complaining of Defendants MORCOM CONSTRUCTION COMPANY ("Morcom") and STEFAN MOURILLON ("Mourillon") and allege as follows:

**JURISDICTION AND VENUE**

1. Count I of this action arises under Sections 502 and 515 of the Employee Retirement Income Security (hereinafter referred to as "ERISA") (29 U.S.C. §§ 1132, 1145) and Section 301 of the Labor-Management Relations Act (29 U.S.C. § 186). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2. Count II of this action arises under Illinois common law and the Court has supplemental jurisdiction over Count II pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Pension Fund, the Structural Iron Workers Local No. 1 Welfare Fund, the Structural Iron Workers Local

No. 1 Annuity Fund, the Apprenticeship Training and Journeyman's Retraining Fund, the National I.W. Apprenticeship Fund, and the Local No. 1 Scholarship Fund (collectively, the "Trust Funds") are administered at 7700 Industrial Drive, Forest Park, Illinois 60130, and pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

4. The Trust Funds receive contributions from numerous employers pursuant to collective bargaining agreements between employers and the Local Union No. 1 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers (the "Union") and, therefore, are multiemployer plans under 29 U.S.C. § 1002.

5. The Trust Funds were established and are administered pursuant to the terms and provisions of certain Agreements and Declarations of Trust (the "Trust Agreements").

6. The Pension Fund is required to receive, hold, and manage all monies required to be contributed to the Trust Funds and is the authorized collection agent under the Principal Agreement and Trust Agreements for contributions and deductions to the Trust Funds and Union required under the Principal Agreement.

7. The Pension Fund is authorized under the Principal Agreement and Trust Agreements to request, receive, and review records from contributing employers necessary to ensure compliance with the Trust Funds' requirements and obligations.

8. The Union is the bargaining representative of a Morcom's ironworker employees.

9. Morcom is an Illinois Corporation with its principal place of business located in Chicago, Illinois.

10.     Mourillon is an individual resident of the State of Illinois and is the President of Morcom.

## COUNT I
## BREACH OF THE PRINCIPAL AGREEMENT

11.     Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-10 of this Complaint with the same force and effect as if fully set forth herein.

12.     Morcom is an employer engaged in an industry affecting commerce which entered into a Compliance Agreement with the Union wherein it agreed to be bound by the provisions of the Principal Agreement between Associated Steel Erectors of Chicago, Illinois and the Union in effect from June 1, 2024 through May 31, 2028. (A copy of the Compliance Agreement is attached as **Exhibit 1**); (A copy of the Principal Agreement is attached as **Exhibit 2**).

13.     Pursuant to Paragraph 5 of the Installment Payment Agreement ("Installment Agreement"), Mourillon agreed to be personally liable for Morcom's obligations under the Installment Agreement, acknowledged that he is a joint employer with Morcom and personally bound by the Principal Agreement, and confirmed that he is an employer for purposes of 29 U.S.C. § 1145. (A copy of the Installment Agreement executed between Morcom, Mourillon, and the Pension Fund in July 2025 is attached as **Exhibit 3**).

14.     Pursuant to Section 12, ¶ B of the Principal Agreement, signatory employers are bound to the terms of the Trust Funds' Trust Agreements (as amended).  (**Exhibit 2**).

15.     Pursuant to the provisions of the Principal Agreement and Trust Agreements, Morcom and Mourillon are required to make monthly reports of hours worked by Morcom's ironworker employees and pay contributions to the Trust Funds at the negotiated rate for each hour worked.  (**Exhibit 2**) (A copy of the Pension Fund Trust Agreement is attached as **Exhibit 4**).

16.     Pursuant to the provisions of the Principal Agreement and duly authorized dues check-off cards, Morcom and Mourillon are required to deduct union dues assessments from Morcom's ironworker employees' paychecks and remit payment of those union dues to Plaintiff, as the collection agent for the Union. (**Exhibit 2**).

17.     Pursuant to the provisions of the Principal Agreement, Morcom and Mourillon are required to deduct a set amount per hour worked from Morcom's ironworker employees' paychecks as vacation savings and remit payment of those vacation savings to Plaintiff, as the collection agent for vacation savings, which are then deposited into each employees' individual account at a credit union.  (**Exhibit 2**).

18.     The monthly contribution reports and the payment of contributions, dues and vacation savings during all times relevant were due on or before the fifteenth (15th) day of the calendar month following the calendar month during which the work was performed. (**Exhibit 2**).

19.     Pursuant to Section 502(g)(2) of ERISA, the Principal Agreement, and/or the Trust Funds' Trust Agreements, employers who fail to submit their monthly contribution reports and contributions, dues, and vacation savings to Plaintiff on a timely basis are responsible for the payment of liquidated damages at a rate of twenty percent (20%) of the amount unpaid and interest at the rate of prime plus two percent (2%) per month for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.  (**Exhibits 2 & 4**).

20.     In order to verify compliance with the Principal Agreement and Trust Agreements, the Trust Funds may perform a payroll compliance audit of an employer at any time. (**Exhibits 2 & 4**).

21.     Section 13, ¶ D of the Principal Agreement provides as follows:

> Paragraph D. In addition to any requirement imposed by the Trust Agreements, each Employer covered by this Agreement shall furnish to the Administrator of the Fund Disbursement Office, upon request, such information and reports, other than for audit purposes, as he deems necessary for the performance of his duties. For purposes of a regular or special audit, a certified public accounting firm as designated by the Trustees who administer the Fund Disbursement Office, shall have the right at all reasonable times during the business hours to enter the premises of the Employer and to examine all records which said certified public accounting firm may deem necessary for a regular or special audit, including all books of account, general and special ledgers, including all payroll records, and Employer reports to governmental tax collecting agencies.
>
> In the event a payroll audit discloses a contribution deficiency that exceeds $1,000, or three percent (3%) of the contributions required for the audited period, whichever is greater, the Employer shall be held responsible for the costs associated with the payroll audit, including all liquidated damages, interest charges and reasonable attorney's fees and costs, if applicable, unless otherwise waived by the Board of Trustees in its discretion.
>
> The administrator of the Fund Disbursement Office, with the authorization from the Trustees of the various Funds, may institute whatever proceedings, including legal proceedings, that may be necessary to enforce compliance with the provisions of this agreement relating to contributions and deductions. Legal fees incurred by the administrator in so acting shall be charged to the delinquent Employer.

(**Exhibit 2**).

22.     Article III, Section 4 of the Pension Fund's Trust Agreement (as amended) provides as

follows:

> Each Employer and its affiliated or related companies or businesses shall furnish to the Trustees on demand the names of employees, their social security numbers, the time worked by each employee, the jobs worked by each employee, the contributions due or payable to the Trust Fund, and such other information, including wage and payroll records, as the Trustees or their agents may reasonably require in connection with the administration of the Trust. The Trustees, or their authorized representative, shall have the right to examine, copy and audit the pertinent books and records (as determined by the Trustees) of each Employer and its affiliated or related companies whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust. The Trustees may, in their discretion, accept a certified report of an

Employer's accountant in lieu of an independent audit. All Employers shall annually furnish to the Trustees, if requested by them, a statement showing whether (a) the Employer is a corporation and the names, home and business addresses of all its officers and shareholders (and the percentage of stock held by each) and a list of all affiliated or related companies or (b) if not a corporation, a statement identifying whether it is a partnership or an individual proprietorship and furnishing the names, home and business addresses of the partners and the percentage partnership interest, or the name and home and business address of the individual proprietor.

(**Exhibit 4**).

23.     Pursuant to Paragraph 6 of the Installment Agreement, Morcom and Mourillon agreed to

produce the below listed documents by July 15, 2025:

   a. Forms W-2 issued by Morcom for 2024;
   b. Form W-3 prepared by Morcom for 2024;
   c. Morcom's Q1 2025 Federal 941 & IL SUTA report;
   d. Weekly Payroll report for all of Morcom's employees from check date 10/1/24 through 6/30/2025;
   e. Disbursements check registers from 10/1/24 through 6/30/2025 (for each of Morcom's four (4) accounts);
   f. All paystubs issued by Morcom to Anthony Zubrenic in 2021; and
   g. An explanation and accounting for the $1,129,929.00 identified in Morcom's 20202 Form 1120 federal tax return as "cost of labor" where there is no payroll identified in any of the records produced to date.

(**Exhibit 3**).

24.     Following execution of the Installment Agreement, Morcom and Mourillon produced some

of the records it was required to provide to the Pension Fund's auditor. However, as of

today, Morcom has failed to produce several documents requested by the Installment

Agreement and failed to adhere to subsequent requests made by the auditor.

25.     Specifically, as of November 20, 2025, Morcom and Mourillon have failed to produce

Morcom's (a) weekly payroll reports for all employees of Morcom with check dates during

the period of January through September 2025, and (b) Morcom's 2025 Q1, Q2, and Q3

Federal 941 & IL SUTA reports.

26.     On November 20, 2025, the Pension Fund sent a letter to Morcom and Mourillon with one last opportunity to produce the records listed in paragraph 25 above by November 24, 2025, or the Pension Fund would declare a default and accelerate the remaining installments due under the Installment Agreement.

27.     As of today, Morcom and Mourillon have not produced the records listed in paragraph 25.

28.     Morcom and Mourillon's failure to produce the requested documents is a breach of the Principal Agreement, Pension Fund's Trust Agreement (as amended), and Installment Agreement. (**Exhibits 2-4**).

29.     Plaintiff has been required to employ the undersigned attorneys to collect the requested documents.

30.     Plaintiff has complied with all conditions precedent in bringing this suit.

31.     Morcom and Mourillon are obligated to pay the reasonable attorneys' fees and court costs incurred by Plaintiff pursuant to the Principal Agreement, the Pension Fund's Trust Agreement, and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiff respectfully requests the following:

A.      That this Court order Defendants Morcom and Mourillon to produce Morcom's (a) weekly payroll reports for all employees of Morcom with check dates during the period of January through September 2025, and (b) Morcom's 2025 Q1, Q2, and Q3 Federal 941 & IL SUTA reports;

B.      That this Court order Defendants Morcom and Mourillon to produce whatever other documents that the Trust Funds' payroll compliance auditor deems necessary to complete a payroll compliance audit;

C.     That Judgment be entered in favor of Plaintiff and against Defendants Morcom and Mourillon, jointly and severally, in an unknown amount for any and all contribution, dues and vacation savings revealed in the payroll compliance audit, along with the resulting liquidated damages and interest;

D.     That Judgment be entered in favor of Plaintiff and against Defendants Morcom and Mourillon, jointly and severally, for any other contributions, dues, vacation savings, liquidated damages, and interest that are found to be due and owing in addition to the amounts referenced in paragraph C above;

E.     That Defendants Morcom and Mourillon be ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiff pursuant to the Principal Agreement, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D);

F.     That Plaintiff have such other and further relief as the Court may deem just and equitable all at Defendants Morcom and Mourillon's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT II
## BREACH OF THE INSTALLMENT AGREEMENT

32.     Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-31 of this Complaint with the same force and effect as if fully set forth herein.

33.     In July 2025, the Pension Fund, itself and on behalf of other related Trust Funds, entered into the Installment Agreement with Morcom and Mourillon due to Morcom underreporting its hours worked by bargaining unit employees for the months of January, March, and April 2025. (**Exhibit 3**).

34.     Pursuant to the terms of the Installment Agreement, Morcom and Mourillon agreed to (1) produce the records cited in ¶ 6 of the Installment Agreement and (2) pay the Trust Funds

$32,621.86 in accordance with the payment schedule set forth in Exhibit A to the Installment Agreement. (Installment Agreement, Ex. A | **Exhibit 3**).

35.     Pursuant to Paragraph 6 of the Installment Agreement, Morcom and Mourillon agreed to produce the below listed documents by July 15, 2025:

a.   Forms W-2 issued by Morcom for 2024;
b.   Form W-3 prepared by Morcom for 2024;
c.   Morcom's Q1 2025 Federal 941 & IL SUTA report;
d.   Weekly Payroll report for all of Morcom's employees from check date 10/1/24 through 6/30/2025;
e.   Disbursements check registers from 10/1/24 through 6/30/2025 (for each of Morcom's four (4) accounts);
f.   All paystubs issued by Morcom to Anthony Zubrenic in 2021; and
g.   An explanation and accounting for the $1,129,929.00 identified in Morcom's 20202 Form 1120 federal tax return as "cost of labor" where there is no payroll identified in any of the records produced to date.

(Installment Agreement, ¶ 6 | **Exhibit 3**).

36.     Paragraph 6 of the Installment Agreement further provides that "[f]ailure by Morcom and Mourillon to produce the above listed records and information to the Trust Funds' auditor by July 15, 2025 shall constitute a default of this Agreement."  (Installment Agreement, ¶ 6 | **Exhibit 3**)

37.     Paragraph 10 of the Installment Agreement requires Morcom and Mourillon to produce requested documentation within three (3) business days of any such request; failure to do so constitutes a default of the Installment Agreement. (Installment Agreement, ¶ 10 | **Exhibit 3**).

38.     Despite multiple demands, Morcom and Mourillon have failed to produce Morcom's (a) weekly payroll reports for all employees of Morcom with check dates during the period of January through September 2025, and (b) Morcom's 2025 Q1, Q2, and Q3 Federal 941 & IL SUTA reports, as required by paragraphs 6 and 10 of the Installment Agreement.

39.     Paragraph 8 of the Installment Agreement provides as follows:

> In the event Morcom and Mourillon default on any of their obligations under the Installment Agreement: (a) all remaining payments will be accelerated and become immediately due and payable; (b) an additional liquidated damages charge of 20% of all unpaid amounts shall become due and payable by Morcom and Mourillon; and (c) in the event the Trust Funds are required to engage an attorney to collect any amounts due under the Installment Agreement Morcom and Mourillon shall be liable for all reasonable attorney's fees and costs incurred by the Trust Funds."

(Installment Agreement, ¶ 8 | **Exhibit 3**).

40.     As a result of Morcom and Mourillon's breaches, the Pension Fund accelerated the remaining installment payments totaling $17,162.40 which are immediately due and owing and assessed liquidated damages in the amount of $3,432.48. Therefore, Morcom and Mourillon owe $20,594.88 under the Installment Agreement to the Pension Fund.

41.     Plaintiff has complied with all conditions precedent in bringing this suit.

42.     Plaintiff has been required to employ the undersigned attorneys to collect the monies that are due and owing from Defendants Morcom and Mourillon.

43.     Pursuant to the Installment Agreement, Morcom and Mourillon are liable for the Pension Fund's reasonable attorney's fees and costs. (Installment Agreement, ¶ 8 | **Exhibit 3**).

**WHEREFORE**, Plaintiff respectfully requests the following:

A.     That Judgment be entered in favor of Plaintiff against Defendants Morcom and Mourillon, jointly and severally, in the aggregate amount of $20,594.88, which is itemized as follows:

    i.     $17,162.40 in principal remaining due under the Installment Agreement; and

    ii.     $3,432.48 in liquidated damages for breaching the Installment Agreement.

B.     That Defendants Morcom and Mourillon be ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiff pursuant to the Installment Agreement; and

C.      Plaintiff has such other and further relief as the Court may deem just and equitable all at

the Defendants Morcom and Mourillon's cost, pursuant to 29 U.S.C. § 1132(g)(2)(E).


                                            Respectfully Submitted,

                                            **STRUCTURAL IRON WORKERS**
                                            **LOCAL NO. 1 PENSION FUND**

                                            /s/ Spencer J. Garner - 6349089
                                            Spencer J. Garner
                                            One of Plaintiff's Attorneys
                                            JOHNSON & KROL, LLC
                                            311 South Wacker Drive, Suite 1050
                                            Chicago, Illinois 60606
                                            (312) 320-9420
                                            garner@johnsonkrol.com