# EXHIBIT

# 3

## INSTALLMENT PAYMENT AGREEMENT

This Installment Payment Agreement ("Agreement"), by and between Morcom Construction Company ("Morcom") and Stefan Mourillon ("Mourillon"), parties of the first part, and the Structural Iron Workers Local Union No. 1 Pension Trust Fund, itself and on behalf of other related fringe benefit funds (collectively "Trust Funds"), parties of the second part, is hereby entered into:

WHEREAS, Morcom is bound to the Principal Agreement between the Associated Steel Erectors of Chicago, Illinois and Local Union No. 1 of the International Association of Bridge, Structural, Ornamental, and Reinforcing Iron Workers AFL-CIO ("Union");

WHEREAS, pursuant to the Principal Agreement, Morcom is also bound to the Trust Funds' Agreements and Declarations of Trust ("Trust Agreements");

WHEREAS, Mourillon is the President of Morcom;

WHEREAS, pursuant to the Principal Agreement and Trust Agreements, Morcom is required to pay contributions and vacation savings deductions to the Trust Funds for each hour worked by its employees in bargaining-unit employment and to deduct dues payable to the Union for each hour worked by its employees in bargaining-unit employment (the Trust Funds serve as the remittance and collection agent for the Union);

WHEREAS, pursuant to the Principal Agreement and Trust Agreements, contributions, dues, and vacation savings are due by the 15th of the month following the month the work is performed;

WHEREAS, pursuant to the Principal Agreement and Trust Agreements, if contributions, dues, and vacation savings are not received by the 15th of the month following the month in which the work is performed, then employers are liable for liquidated damages equal to 20% of the amount unpaid and interest at a rate of prime plus two percent (2%) until the contributions, dues, and vacation savings are received;

WHEREAS, Morcom underreported hours worked by its ironworker employees during the months of January, March and April 2025 and, as a result, Morcom owes contributions, dues and savings deduction underpayments, along with resulting liquidated damages and interest, to the Trust Funds in the aggregate amount of $31,871.86, itemized as follows:

| Month: | Contributions / Dues/ Savings Deductions: | Liquidated Damages: | Interest: | Total: |
|---|---|---|---|---|
| Jan. 2025 | $8,116.96 | $1,623.39 | $280.98 | $10,021.33 |
| Mar. 2025 | $8,574.62 | $1,714.92 | $169.61 | $10,459.15 |
| Apr. 2025 | $9,399.04 | $1,879.81 | $112.53 | $11,391.38 |
| | $26,090.62 | $5,218.12 | $563.12 | $31,871.86 |

WHEREAS, the Trust Funds charge a processing fee of $750.00 for the preparation and monitoring of installment payment agreements;

WHEREAS, the Trust Funds are also seeking to conduct a payroll compliance audit of Morcom through June 30, 2025;

WHEREAS, in exchange for the mutual promises herein, the Trust Funds have agreed to forgo immediate collection action against Morcom and Mourillon on the agreement that Morcom and

Mourillon will make scheduled payments and produce the required records to comply with a payroll compliance audit in accordance with this Agreement.

**NOW, THEREFORE**, for and in consideration of the mutual promises contained in this Agreement, and for good and valuable consideration, the sufficiency of which is contained herein, the Parties agree as follows:

1.   **Morcom** and **Mourillon** stipulate that they jointly owe the **Trust Funds** the principal balance of THIRTY-TWO THOUSAND SIX HUNDRED TWENTY-ONE AND 86/100 DOLLARS ($32,621.86) in unpaid contributions, dues, savings deductions, liquidated damages, interest and the processing fees, as itemized in the recitals above.

2.   **Morcom** and **Mourillon** shall pay the principal sum of $32,621.86 to the **Trust Funds** via twelve (12) installment payments with interest at a rate of 9.5% per annum pursuant to the amortization schedule attached hereto as **Exhibit A**. Morcom and Mourillon shall submit all installment payments in the amounts and by the dates set forth in **Exhibit A**.

3.   All monthly installment payments required by Paragraph 2 above shall be made payable to the *Structural Iron Workers Fund Disbursement Office* and all payments shall be mailed to the following address:

> Mr. John J. Gardiner
> Administrator
> Iron Workers Local #1 Benefit Funds
> 7700 West Industrial Drive
> Forest Park, Illinois 60130

4.   **Morcom** and **Mourillon** agree to submit monthly contribution reports and payments to the **Trust Funds** in a timely manner, by the 15th day of each month following the month in which the work was performed, beginning with the contribution period of June 2025, due on July 15, 2025, and through the duration of this Agreement. Failure by **Morcom** and **Mourillon** to submit monthly contribution reports and payments in a timely manner shall constitute a default of this Agreement.

5.   **Mourillon** agrees to be personally liable for the obligations of **Morcom** called for in this **Agreement** and all ongoing contribution, wages, dues, savings deductions, liquidated damages, interest, and audit fees and audit underpayments that may become due and owing and/or discovered during the duration of this **Agreement**. Mourillon agrees that he is a joint employer with **Morcom** and that he is personally bound by the Principal Agreement and agrees that he is an employer for the purposes of 29 U.S.C. § 1145.

6.   No later than July 15, 2025, **Morcom** and **Mourillon** shall provide each of the below listed records and information to the **Trust Funds**' auditor, Dan Timm of Legacy Professionals LLP [(312) 384-4293 | dtimm@legacycpas.com]:

   A.   Forms W-2 issued by **Morcom** for 2024;
   B.   Form W-3 prepared by Morcom for 2024;
   C.   **Morcom's** Q1 2025 Federal 941 & IL SUTA report;
   D.   Weekly Payroll report for all of Morcom's employees from check date 10/1/24 through 6/30/2025;

E.     Disbursements check registers from 10/1/24 through 6/30/2025 (for each of Morcom's four (4) accounts);

F.     All paystubs issued by Morcom to Anthony Zubrenic in 2021; and

G.     An explanation and accounting for the $1,129,929.00 identified in Morcom's 20202 Form 1120 federal tax return as "cost of labor" where there is no payroll identified in any of the records produced to date.

Failure by **Morcom** and **Mourillon** to produce the above listed records and information to the **Trust Funds'** auditor by July 15, 2025 shall constitute a default of this Agreement.

7.     Any payment not received by the date which it is due, including but not limited to those payments required to be paid pursuant to Paragraphs 2 and 4 above, shall constitute a default of this Agreement.

8.     In the event that **Morcom** and **Mourillon** default on any of their obligations under the terms of this Agreement: (a) all remaining payments required by Paragraph 2 above will be accelerated and become immediately due and payable; (b) an additional liquidated damages charge of 20% of all unpaid amounts shall become due and payable by **Morcom** and **Mourillon**; and (c) in the event that **Trust Funds** are required to engage an attorney to collect any amounts due under this Agreement, **Morcom** and **Mourillon** shall be liable for all reasonable attorney's fees and costs incurred by the **Trust Funds**.

9.     So long as (a) **Morcom** and **Mourillon** maintain a workforce of three (3) or less ironworkers, and (b) otherwise comply with the terms of this Agreement and the Principal Agreement, the **Trust Funds** shall not seek to withdraw **Morcom** and **Mourillon's** manpower as permitted under the Principal Agreement. However, if **Morcom** and **Mourillon's** manpower exceeds three (3) ironworkers and **Morcom** and **Mourillon** fail to increase the amount of the cash on deposit or provide other acceptable security within ten (10) days' notice from the Union, then a default of this Agreement shall occur and the **Trust Funds** shall be able to withdraw manpower as authorized by the Principal Agreement.

10.    The **Trust Funds** and their attorneys have the right to, at any time during the duration of this Agreement, request documentation relating to **Morcom's** then current project(s) including, but not limited to the following information:

A.     Owner of the property where the project is taking place;

B.     Address of the property where the project is taking place;

C.     Dates **Morcom** performed work on the project;

D.     General contractor on the project;

E.     Any higher-tiered subcontractors on the project;

F.     Man hours; and

G.     Payroll records by project.

**Morcom** and **Mourillon** agree to produce to the **Trust Funds** or their attorneys all requested documentation within three (3) business days of any such request. Failure by **Morcom** and **Mourillon** to produce the requested documentation within three (3) business days of any documentation request shall constitute a default of this Agreement. Such requests shall be made via email to stefan@morcomny.com.

11. Should the **Trust Funds** choose to waive the lateness of any payment(s) called for in this Agreement, such waiver shall only be effective to the specified lateness actually waived and shall not act as a waiver to any subsequent payments.

12. **Morcom** and **Mourillon** can pay the principal amount due at any time during the term of this **Agreement** without penalty.

13. Upon default payment of performance of performance of any obligations under this Agreement, **Morcom** and **Mourillon** agree that the **Trust Funds** shall have all of the rights of a secured party under the Uniform Commercial Code for any and all amounts owed under this Agreement pursuant to the Security Agreement attached as **Exhibit B.**

14. The recitals shall be considered a part of this Agreement.

15. This Agreement shall be executed in counterparts and each one shall be deemed an original. A facsimile copy or scanned copy of the Agreement or counterpart shall be deemed and shall have the same legal force and effect as, an original document.

16. This Agreement shall be binding upon the heirs, successors, and assigns of the Parties hereto.

17. The persons signing below represent that they are authorized to execute this Agreement and bind their respective entities and themselves to the terms herein.

18. This Agreement and the exhibits hereto constitute and represent the complete and entire agreement between the Parties. The terms of this Agreement may not be altered, modified, or supplemented except by a writing signed by each of the Parties.

19. This Agreement shall terminate upon the receipt of the last payment called for in this Agreement.

20. The Parties agree that if any provision of this Agreement is rendered invalid or unenforceable by a court or governmental agency of competent jurisdiction, the remaining provisions shall remain in full force and effect.

21. This Agreement shall be construed in accordance with Indiana law without regard to choice of laws except as preempted by applicable federal law.

22. The Parties acknowledge that each has been advised by his/her/its own competent legal counsel in connection with the execution of this Agreement or has had the opportunity to consult competent legal counsel, that the signor below has carefully read and understands this Agreement, and signs the same of his/her/its own free will.

**[Remainder of page intentionally left blank; signatures on next page.]**

The Parties have executed this Agreement on the dates set forth below:

**STRUCTURAL IRON WORKERS LOCAL UNION NO. 1 PENSION TRUST FUND**

By: Mr. John Gardiner, Administrator

Date: 7-2-25

**MORCOM CONSTRUCTION COMPANY**

By: Mr. Stefan Mourillon, President

Date: 7/3/2025

**STEFAN MOURILLON**

By: Mr. Stefan Mourillon, Individually

Date: 7/3/2025

# EXHIBIT

# A

## AMORTIZATION SCHEDULE

| Installment Number: | Due Date: | Payment Amount: | Principal Paid: | Interest Paid: | Remaining Balance: |
|---|---|---|---|---|---|
| 1 | 7/1/25 | $2,860.40 | $2,602.14 | $258.26 | $30,019.72 |
| 2 | 8/1/25 | $2,860.40 | $2,622.74 | $237.66 | $27,396.97 |
| 3 | 9/1/25 | $2,860.40 | $2,643.51 | $216.89 | $24,753.47 |
| 4 | 10/1/25 | $2,860.40 | $2,664.43 | $195.96 | $22,089.03 |
| 5 | 11/1/25 | $2,860.40 | $2,685.53 | $174.87 | $19,403.51 |
| 6 | 12/1/25 | $2,860.40 | $2,706.79 | $153.61 | $16,696.72 |
| 7 | 1/1/26 | $2,860.40 | $2,728.22 | $132.18 | $13,968.50 |
| 8 | 2/1/26 | $2,860.40 | $2,749.82 | $110.58 | $11,218.69 |
| 9 | 3/1/26 | $2,860.40 | $2,771.58 | $88.81 | $8,447.10 |
| 10 | 4/1/26 | $2,860.40 | $2,793.53 | $66.87 | $5,653.57 |
| 11 | 5/1/26 | $2,860.40 | $2,815.64 | $44.76 | $2,837.93 |
| 12 | 6/1/26 | $2,860.40 | $2,837.93 | $22.47 | $0.00 |

# EXHIBIT
# B

## SECURITY AGREEMENT

**Morcom Construction Company** (the "Debtor") hereby grants to the **Structural Workers Local Union No. 1 Pension Trust Fund**, itself and on behalf of other related fringe benefit funds ("Secured Parties") a security interest in the following property ("Collateral"):

1. All of the Debtor's Goods, Equipment, and tangible personal property of every type of description whether now owned or hereafter acquired and including without limitation of all machinery used by Debtor to preform construction services, workbenches, automotive equipment, office furniture, and equipment, bookkeeping machines, typewriters, computers, adding machines, safes, desks, chairs and tables;
2. All of the Debtor's **Inventory** now owned or hereafter acquired or created;
3. All of the Debtor's **Accounts** now outstanding and all of its Accounts which may hereafter come into existence during the term of this assignment;
4. All of the Debtor's **General Intangibles** now owned or hereafter acquired;
5. All of the Debtor's **Motor Vehicles** now owned or hereafter acquired;
6. All of the Debtor's **Investment Property** now owned or hereafter acquired; and
7. All of the Debtor's **Products and Proceeds** of any of the property described above in any form, including proceeds of proceeds,

to secure payment and performance of each of the following Obligations:

1. Payment of the principal balance of $32,621.86, which is to be paid pursuant to the terms set forth in the Installment Payment Agreement entered into June 2025;
2. The submission of monthly contribution reports and monthly regular contributions, dues, and vacation savings;
3. Any and all loan advances (**including, without limitation, future advances**) indebtedness, obligations and liabilities of Debtor of Secured Parties whether now existing or hereafter arising; and
4. Payment of all reasonable attorneys' fees and costs expended by the Secured Parties to collect any and all Obligations owed to the Debtor.

Default in payment or performance of any of the Obligations or default under the Settlement Agreement or any other agreement not specifically mentioned herein constitutes a default under this Agreement. Upon such default, Secured Parties may declare all Obligations immediately due and payable and shall have remedies of a secured party under the Uniform Commercial Code.

The Debtor has executed this Agreement on the date set forth below:

**Morcom Construction Company**

_____

Stefan Mourillon, President

_7/3/2025_

Date