**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND, | ) ) ) |
| Plaintiff, | ) ) CASE NO.: 1:25-cv-14948 ) |
| vs. | ) JUDGE: Hon. Jeremy C. Daniel ) ) MAG. JUDGE: Hon. Keri L. |
| MORCOM CONSTRUCTION COMPANY, an Illinois Corporation; and STEFAN MOURILLON, an individual, | ) Holleb Hotaling ) ) ) |
| Defendants. | ) |

## MOTION FOR PAYROLL COMPLIANCE AUDIT

NOW COMES Plaintiff, the STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND ("Pension Fund"), by and through its attorneys, JOHNSON & KROL, LLC, and moves this Honorable Court to order Defendants MORCOM CONSTRUCTION COMPANY ("Morcom") and STEFAN MOURILLON ("Mourillon") to comply with Plaintiff's payroll compliance audit, and in support, states as follows:

1. On December 10, 2025, Plaintiff filed its Complaint in this matter against Defendants Morcom and Mourillon. (Dkt. No. 1).

2. In the Complaint, Plaintiff seeks a payroll compliance audit of Defendant Morcom pursuant to the Principal Agreement, the Pension Fund's Trust Agreement, and the Installment Payment Agreement. (Dkt. Nos. 1-2, 1-3 and 1-4).

3. Specifically, Plaintiff's Prayer for Relief requests the production of (a) Defendant Morcom's weekly payroll reports for all employees of Defendant Morcom with check dates during the period of January through September 2025, and (b) Defendant Morcom's 2025 Q1, Q2, and Q3 Federal 941 & IL SUTA reports, to complete a payroll compliance audit.

(Dkt. No. 1).

4. On December 10, 2025, the Clerk of the U.S. District for the Northern District of Illinois issued a Summons ordering Defendants Morcom and Mourillon to answer within twenty-one (21) days of being served with the Summons and Complaint. (Dkt. No. 10).

5. On December 11, 2025, the Summons and Complaint were served upon Defendant Mourillon via abode service by leaving true and correct copies of said documents with Defendant Mourillon's roommate, Joseph (last name unknown). (Dkt. No. 17).

6. On January 11, 2026, the Summons and Complaint were served upon Defendant Morcom via corporate service by leaving true and correct copies of said documents with Mr. Hilbert Moy, the Registered Agent for Defendant Morcom. (Dkt. No. 18).

7. On December 30, 2025, Defendants Morcom and Mourillon's attorneys filed their appearances on behalf of the Defendants. (Dkt. Nos. 11 & 12).

8. Defendants Morcom and Mourillon filed their Answer to the Complaint on January 28, 2026. (Answer; Dkt. No. 20).

9. In their Answer, Defendants Morcom and Mourillon admit that they have an obligation to produce records upon request, that such a request was made, and that they have failed to produce the requested records. (Answer ¶¶ 22-25, 27, & 34-38; Dkt. No. 20).

10. In their Answer, Defendants Morcom and Mourillon also admit that their failure to produce the requested records is a breach of the Installment Payment Agreement signed by Defendants Morcom and Mourillon in July 2025. (Answer ¶ 36; Dkt. No. 20).

11. This Court has the authority to compel Defendant Morcom to produce the requested documents under Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 (ERISA), which allows a civil action to obtain appropriate equitable relief to enforce

the terms of the plan. 29 U.S.C. § 1132(a)(3). This includes compelling compliance with audit requests when necessary to enforce a plan's terms and ERISA's requirements, thereby obligating Defendant Morcom to produce records for audit purposes. 29 U.S.C. § 1132(a)(3).

12. The Supreme Court has held that certain terms of labor and/or trust agreements, coupled with Section 502(a)(3) of ERISA (29 U.S.C. § 1132(a)(3)), grant courts the ability to compel the production of documents/records so a multiemployer fund may perform an audit. *Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.*, 472 U.S. 559 (1985).

13. Following the Supreme Court's decision in *Central Transport*, the Seventh Circuit held that "Section 502(a)(3) of ERISA also authorizes such an audit." *Ill. Conference of Teamsters & Emp'rs Welfare Fund v. Steve Gilbert Trucking,* 71 F.3d 1361 (7th Cir. 1995).

14. Accordingly, it is well-established that specific terms within labor or trust agreements, combined with Section 502(a)(3) of ERISA (29 U.S.C. § 1132(a)(3)), as applicable in the current case, empower courts to mandate the production of documents and records necessary for conducting an audit. (Dkt. No. 1 ¶ 22).

15. Plaintiff necessitates the production of the documents enumerated in Paragraph 3 above, as they constitute a fundamental basis for the lawsuit. (Dkt. No. 1).

16. Contemporaneously with the filing of this motion, Plaintiff has attached a Proposed Order to this motion as **Exhibit A** and sent a copy of the Proposed Order to the Court's proposed order inbox.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an Order requiring Morcom and Mourillon, in his capacity as the President of Morcom and as a joint employer with Morcom, to comply with Plaintiff's requests to complete a payroll compliance audit of their payroll books and records by producing (a) Morcom's weekly payroll reports for all employees of Morcom with check dates during the period of January through September 2025, and (b) Morcom's 2025 Q1, Q2, and Q3 Federal 941 & IL SUTA reports, within seven (7) days of the Court's entry of an order granting this motion, and for any other relief this Court deems to be just and equitable in favor of Plaintiff and against Defendants.

    Respectfully Submitted,

**STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND**

/s/ Spencer J. Garner - 6349089
Spencer J. Garner
One of Plaintiff's Attorneys
JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 320-9420
garner@johnsonkrol.com