IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND, | ) ) ) |
| Plaintiff, | ) ) CASE NO.: 1:25-cv-14948 ) |
| vs. | ) JUDGE: Hon. Jeremy C. Daniel ) ) |
| MORCOM CONSTRUCTION COMPANY, an Illinois Corporation; and STEFAN MOURILLON, an individual, | ) MAG. JUDGE: Hon. Keri L. ) Holleb Hotaling ) ) ) |
| Defendants. | ) |

## JOINT INITIAL STATUS REPORT UNDER RULE 26(f)

NOW COMES the Plaintiff, the STRUCTURAL IRON WORKERS LOCAL UNION NO. 1 PENSION TRUST FUND ("Pension Fund"), and Defendants MORCOM CONSTRUCTION COMPANY ("Morcom") and STEFAN MOURILLON ("Mourillon"), by and through their respective undersigned counsel, and hereby file this Joint Initial Status Report pursuant to Magistrate Judge Holleb Hotaling's February 20, 2026 Minute Entry (Docket No. 28), as follows:

**1.      Nature of the Case**

    **A.      Attorneys of record, and lead trial counsel, for each party:**

| Plaintiff's Attorneys: | Defendants' Attorneys: |
|---|---|
| Jeffrey Krol | Todd Miller |
| Spencer Garner | Kathleen Cahill |
| JOHNSON & KROL, LLC | ALLOCCO, MILLER & CAHILL, P.C. |
| 141 W Jackson Boulevard, Suite 2055 | 20 N. Wacker Drive, Suite 3517 |
| Chicago, IL 60604 | Chicago, Illinois 60606 |

    **B.      Basis for Federal Jurisdiction**

This action arises under Section 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1132, 1145) and Section 301 of the Labor-Management Relations Act (29 U.S.C. § 186). The court has jurisdiction

over the subject matter of this action pursuant to 29 U.S.C. §§ 1132(e)(1), as well as 28 U.S.C. § 1331.

C. **Nature of the Claims Asserted:**

Defendant Morcom is bound to the Compliance Agreement which bound Morcom to the Principal Agreement negotiated between the Associated Steel Erectors of Chicago, Illinois and the Local Union No. 1 of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers ("Local 1"). Pursuant to the Principal Agreement, Morcom is bound to the provisions of the Agreement and Declaration of Trust ("Trust Agreement") that established and administers the Pension Fund. Pursuant to the Principal Agreement and Trust Agreement, Morcom is required to produce records upon request by the Pension Fund.

In Count I of the Complaint, Plaintiff asserts a claim against Defendants Morcom and Mourillon for breach of the Principal Agreement, the Trust Agreement, and the Installment Payment Agreement ("Installment Agreement") due to Morcom's failure to produce certain requested records required for a payroll compliance audit to be completed. In addition, Plaintiff seeks damages for any amounts revealed by the payroll compliance audit.

In Count II of the Complaint, Plaintiff asserts a claim against Defendants Morcom and Mourillon for breach of the Installment Agreement due to Defendants' failure to produce certain requested records outlined in the Installment Agreement.

D. **Major Legal and Factual Issues in the Case:**

The principal legal issues are (1) whether Defendants Morcom and Mourillon breached the terms of the Principal Agreement, the Trust Agreement, and the Installment Agreement by failing to produce certain requested records required for a payroll compliance audit to be completed, (2) whether Morcom and Mourillon correctly contributed to Plaintiffs on behalf of its ironworker employees, (3) whether Morcom and Mourillon breached the terms of the Installment Agreement, and (4) what are the consequences of the breaches, if any?

Because the payroll compliance audit has only recently been completed, it is currently unknown whether Morcom and Mourillon contest any of its findings.

E. **Relief Sought by Plaintiff:**

Plaintiff sought an order from this Court compelling Defendants Morcom and Mourillon to comply with a payroll compliance audit. Defendants Morcom and Mourillon recently produced records requested by Plaintiff's auditor and Plaintiff's auditor recently issued an audit report. Accordingly, Plaintiff is no longer seeking an order compelling compliance with the audit.

Plaintiff is now seeking a judgment for the amounts identified in the audit, which amount to an aggregate of $37,876.58, itemized as follows:

    i.       $24,966.36 in unpaid contributions;
    ii.      $4,993.27 in liquidated damages;
    iii.     $4,867.45 in interest; and
    iv.     $3,049.50 in audit fees.

In addition, Plaintiff is seeking a judgment for the amounts due under the Installment Agreement, which amount to an aggregate of $13,729.92, itemized as follows:

    i.       $11,441.60 in principal, liquidated damages, and interest remaining under the Installment Payment Agreement; and
    ii.      $2,288.32 in liquidated damages for breaching the Installment Payment Agreement.

Finally, Plaintiff seeks a judgment for reasonable attorney's fees and costs.

**2.** **Pending motions and case plan**

    **a.** **Service of Process:**

Defendant Mourillon was served via substitute service at his usual place of abode on December 11, 2025. Defendant Morcom was served via corporate service on January 7, 2026. Defendants filed their Answers to the Complaint on January 28, 2026.

    **b.** **Pending Motions**

As of the filing of this report, there are no pending motions.

    **c.** **Proposed Discovery Plan:**

        i.    Type of Discovery Needed:

The parties believe they will need both written and oral discovery.

        ii.   Date for Rule 26(a)(1) Disclosures:

The parties propose to submit Rule 26(a)(1) disclosures by March 18, 2026.

        iii.  Date to Issue Written Discovery:

The parties anticipate issuing their first sets of written discovery requests by April 1, 2026.

        iv.  Fact Discovery Completion:

    The parties propose a fact discovery completion date of June 19, 2026.

  v. <u>Expert Discovery:</u>

    At this time, the parties do not believe expert discovery will be necessary.

  vi. Proposed Date for Filing Dispositive Motions:

    The parties agree to file dispositive motions thirty (30) days after the completion of fact discovery.

**d.** **Type/Length of Trial:**

The parties have not requested a jury trial and believe any trial in this matter would likely last one (1) day.

**e.** **Service by Electronic Means:**

The parties agree to service of pleadings and other papers by electronic means pursuant to Fed. R. Civ. P. 5(b)(2)(E).

**3.** <u>**Consent to proceed before magistrate judge**</u>

As of today's date, the parties do not unanimously consent to proceeding before the Magistrate Judge.

**4.** <u>**Status of settlement Discussions**</u>

 **A.** **Discussions to Date:**

  Settlement options have not been discussed.

 **B.** **Status of Discussions:**

  The parties have not discussed settlement.

 **C.** **Settlement Conference:**

  As of the date of this Joint Status Report, the parties do not request a settlement conference.

| | |
|---|---|
| **STRUCTURAL IRON WORKERS LOCAL NO. 1 PENSION FUND** | **MORCOM CONSTRUCTION COMPANY** and **STEFAN MOURILLON** |
| /s/ Spencer J. Garner<br>Spencer J. Garner<br>*One of Plaintiff's Attorneys*<br>JOHNSON & KROL, LLC<br>141 W Jackson Boulevard, Suite 2055<br>Chicago, IL 60604<br>(312) 320-9420<br>garner@johnsonkrol.com | /s/ Todd A. Miller (with permission)<br>Todd A. Miller<br>*One of Defendants' Attorneys*<br>ALLOCCO, MILLER & CAHILL, P.C.<br>20 N. Wacker Drive, Suite 3517<br>Chicago, Illinois 60606<br>(312) 533-2694<br>tam@alloccomiller.com |